United States District Court
Southern District of Texas

**ENTERED**

December 03, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| M.A.M.H.,<br>　　　"Petitioner," | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:25-cv-00240 |
| KRISTI NOEM, Secretary of the United States<br>Department of Homeland Security, et al.,<br>　　　"Respondents." | §<br>§<br>§ | |

**<u>ORDER</u>**

Before this Court is Petitioner's "Motion to Proceed Using Initialed Pseudonym and for Leave to File Certain Exhibits Under Seal" (Dkt. No. 3) ("Motion"). Because Respondents did not respond to Petitioner's Motion, Petitioner's Motion is deemed unopposed. Local Rule 6(C). For the reasons below, Petitioner's Motion (Dkt. No. 3) is **GRANTED in part**.

### I.   PETITIONER'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). This rule is more than a procedural formality; it furthers a "clear and strong First Amendment interest" in public access to judicial proceedings. *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). But the rule is not absolute. Special circumstances may require that the normal practice of disclosing parties' identities "yield[] to a policy of protecting privacy in a very private matter." *Id.* at 185. Three non-exhaustive factors guide courts evaluating whether such circumstances exist: (1) whether petitioner is "suing to challenge government activity"; (2) whether the suit requires that petitioner "disclose information 'of the utmost intimacy'" and (3) whether the suit requires petitioner to "admit [an] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citing *Southern Methodist University Ass'n v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979)).

Two of these factors apply to this case. First, Petitioner's "Petition" challenges the lawfulness of a detention effectuated by Respondents in their capacity as officials of the federal government. Dkt. No. 1 at 5. Petitioner thus challenges government activity. *See Stegall*, 653 F.2d at 185. Secondly, this case of its very nature involves the disclosure of highly sensitive information. Among other things, Petitioner's filings include information about the severe

domestic violence, sexual assault and sex trafficking incidents Petitioner endured before entering the United States in 2013. Dkt. No. 3 at 5. Such information is of precisely the intimate nature weighing in favor of permitting anonymity. *See Doe v. CoreCivic,* Inc., No. 4:20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (observing a strong public interest in protecting the identities of sexual assault survivors).

In balancing the relevant factors, this Court thus finds that Petitioner has established special circumstances to warrant proceeding under a pseudonym.

## II. PETITIONER'S MOTION FOR LEAVE TO FILE UNDER SEAL AN IDENTITY ADDENDUM AND CERTAIN EXHIBITS CONTAINING PERSONAL INFORMATION

A similar presumption of judicial openness instructs a court's determination of whether exhibits may be filed under seal. *June Med. Servs., L.L.C. v. Phillips,* 22 F.4th 512, 521 (5th Cir. 2022). In determining whether something should be sealed, the court must balance "the public's common law right of access against the interests favoring nondisclosure." *Id.* What's more, any decision to seal information "must be congruent to the need." *Id.*

Petitioner M.A.M.H seeks to file under seal (1) an Identity Addendum listing Petitioner's true name and identifiers and (2) certain exhibits containing Petitioner's personal information. Dkt. No. 3 at 2. As a threshold matter, the Court turns to (1) Petitioner's Identity Addendum (Dkt. No. 4); (2) "Letter from Petitioner's Employer" (Dkt. No. 5-3); and (3) Petitioner's "Letters of Support" (Dkt. No. 5-4). Each document contains personal, identifying information about Petitioner. The nature of the harm on which Petitioner sues does not concern Petitioner's name and personal identifiers. Instead, it relates to the lawfulness of her detention in federal immigration custody. Dkt. No. 1 at 3. Viewed this way, the common law right of access to this case stands to be little affected by nondisclosure of these records. *See June Med. Servs., L.L.C.,* 22 F.4th at 521. The proposed redaction is also congruent to the need for nondisclosure. *Id.* Petitioner attributes her "need" to file the personal information under seal to the belief that "public use of her name or release of identifying information will put her at risk of retaliatory harm from those she fled from in El Salvador." Dkt. No. 3 at 2. Petitioner has shown that her interest in the nondisclosure of identifying personal information outweighs the public's right of access, and that the amount of material sealed is "congruent to the need." *June Med. Servs., L.L.C.,* 22 F.4th at 521. As such,

Petitioner's Identity Addendum (Dkt. No. 4), as well as Exhibits 3 and 4 (Dkt. Nos. 5-3 & 5-4) are properly sealed.

Petitioner also seeks leave to file under seal Exhibit 2 of her "Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Dkt. No. 5) ("TRO"). Dkt. No. 5-2. The exhibit contains an article entitled "ICE MEMO: Interim Guidance Regarding Detention Authority for Applicants for Admission." *Id.* The Fifth Circuit has held that "publicly available information cannot be sealed." *June Med. Servs., L.L.C.*, 22 F.4th at 520. Because this exhibit contains a publicly disseminated document and nothing more, it should not remain sealed.

## I.    CONCLUSION

For these reasons, the Court finds that Petitioner may properly proceed under a pseudonym and file certain exhibits containing personal information under seal. Petitioner's unopposed Motion (Dkt. No. 3) is thus **GRANTED in part.** The Motion is **DENIED in part** with respect to Petitioner's request for leave to file Exhibit 2 of her MTRO under seal. The Court **ORDERS** that Dkt. Nos. 4, 5-3 & 5-4 are to remain under seal but **INSTRUCTS** the Clerk of Court to unseal Dkt. No. 5-2.

Signed on this 3rd day of December 2025.

Rolando Olvera
United States District Judge